IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ELIZABETH JOHNSTON, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| LOCUMTENENS.COM, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Elizabeth Johnston ("Plaintiff"), by and through undersigned counsel, and files this Complaint under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against Defendant LocumTenens.com, LLC ("Defendant") and shows the Court as follows:

### **JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

**PARTIES**

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant LocumTenens.com, LLC is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Jay D. Mitchell, 2655 Northwinds Parkway, Alpharetta, Georgia 30009.

## ADMINISTRATIVE PROCEDURES

6.

On December 14, 2021, Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

7.

Upon Plaintiff's request, the EEOC issued a "Notice of Right to Sue", entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

9.

Plaintiff began working for Defendant as a CVO Specialist on or about August 23, 2021.

10.

Defendant is now, and at all times relevant hereto, has been an employer subject to Title VII.

11.

On or around September 20, 2021, Plaintiff learned she was pregnant.

12.

On or about September 21, 2021, Plaintiff emailed a doctor's note confirming her pregnancy to Kelli Hirschfield ("Hirschfield") in Human Resources and her manager, Andrea Ellis ("Ellis"). Both women confirmed receipt of this information on the same day.

13.

On or about September 24, 2021, Hirschfield notified Plainiff via email that she was approved for twelve (12) weeks of maternity leave. Plaintiff forwarded this email to Ellis.

14.

On or around October 8, 2021, Plaintiff asked Ellis for paid time off ("PTO") on November 2, 2021 for an obstetrics appointment. Ellis instructed Plaintiff to speak with HR.

15.

Plaintiff explained how Hirschfield had already approved her taking days, as needed, for her pregnancy and the November 2nd appointment was for her pregnancy.

4

16.

On October 15, 2021, Ellis terminated Plaintif claiming she was not a "culture fit."

17.

Any reason given for Plaintiff's termination is pretext for unlawful discrimination based on her gender (pregnancy).

18.

In terminating Plaintiff because of her protected characteristic under Title VII, Defendant violated Title VII and Plaintiff's rights thereunder.

19.

As a result of Defendant's unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendant.

## CLAIM FOR RELIEF

## COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED

20.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

21.

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of sex.

22.

When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions."

23.

At all times relevant, Plaintiff was a member of a protected class.

24.

Plaintiff was qualified to perform her position.

25.

Plaintiff was terminated because of her protected characteristic.

26.

In terminating Plaintiff's employment, Defendant discriminated against Plaintiff, in violation of Title VII.

27.

As a result of Defendant's unlawful actions, Plaintiff has suffered, among other things, pecuniary and non-pecuniary losses for which she is entitled to recover

from Defendant. Among other things, Plaintiff has suffered lost wages and emotional distress. Defendant's unlawful actions were willful and done in reckless disregard for Plaintiff's protected rights. Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) Special damages, including back-pay, lost benefits and prejudgment interest thereon;

(b) Compensatory damages;

(c) Punitive damages;

(d) All equitable relief available, such as reinstatement or front-pay in lieu thereof,

(e) All relief available under Title VII;

(f) Reasonable attorney's fees and expenses of litigation;

(g) Trial by jury as to all issues so triable;

(h) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(i) All other relief to which she may be entitled.

This 10th day of May 2022.

**BARRETT & FARAHANY**

s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

P.O. Box 530092
Atlanta, GA 30353
T: (404) 214-0120
F: (404) 214-0125
severin@justiceatwork.com